FILED
MAY 4 1998
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
MAY 4 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

IN RE:
STEPHEN J. SWANSON and
JULIE ELLEN SWANSON,

    Debtors,

STEPHEN J. SWANSON, et al.,

    Appellants,

vs.

JACK CADDELL, Bankruptcy Judge
and UNITED STATES OF AMERICA,
et al.,

    Appellees.

CIVIL ACTION NUMBER

97-C-2245-NE

**MEMORANDUM OF OPINION AFFIRMING BANKRUPTCY DISMISSAL**

    Debtors-Appellants Stephen Jay Swanson and Julie Ellen Swanson ("the Swansons") have appealed to this court the July 24, 1997, dismissal of their case by the Bankruptcy Court. Because the decision of the Bankruptcy court is not clearly erroneous, it is due to be affirmed.

I.

    The Swansons filed a Chapter 13 petition in bankruptcy on December 14, 1995.

    They did not file federal tax returns for 1993 and 1994. The Internal Revenue Service ("IRS") filed substitute returns for them, pursuant to §6020(b) of the Internal Revenue code ("the

Code"); and, based on those returns, filed a claim against the Swansons in the Bankruptcy Court on May 9, 1996. The Swansons objected to the IRS claim, which is admittedly an estimate of the Swansons' tax liability.

The court proceeded to set a telephone conference on the Swansons' objection to the IRS claim for Wednesday, June 18.

At 4:03 P.M. on Friday, June 13, 1997, the Swansons notified the court that they had discharged their attorney, and they requested a continuance of the conference. The requested continuance was denied by the Bankruptcy court two business days after it was filed.

The court proceeded to conduct the scheduled telephone conference with the Assistant United States Attorney representing the IRS and counsel for the Swansons.

During the conference, the judge indicated that in view of the age of the case, he was disposed to set an early hearing on the objection to the IRS claim. But counsel for the Swansons suggested that inasmuch as Stephen Swansons' employer had withheld federal taxes during the relevant years, the court could simply give immunity to the Swansons, and order them to file their tax returns, "...which would probably resolve the entire IRS proof of claim favorably to [the Swansons]."

Transcript of June 18, 1997 Conference, p. 3, lines 17-21. The court favorably entertained the suggestion.[1]

Two days after the conference, the court entered an order granting the Swansons immunity under the Bankruptcy Code, 11 U.S.C. § 344, provided that they file their tax returns as otherwise directed by the order. Independent of the immunity grant, the court ordered the Swansons to file their 1993 and 1994 tax returns within thirty days of the June 20, 1997, order. The Swansons were specifically warned by the order that their failure to file within the fixed period would result in the dismissal of their Chapter 13 proceeding and a preclusion of their right to file another bankruptcy petition for another six months.[2]

---

[1] THE COURT: Yeah, I could order him to do that and say if you don't, your case is thrown out with prejudice for failure to obey an order of the Court." *Id.*, p. 4, lines 22-24.

[2] The order specifically provides, in relevant part:

> 2. Debtors are directed to file appropriate federal tax returns for the tax years 1993 and 1994, properly dated and bearing the original signatures of the Debtors, within 30 days of the execution date of this Order. . . .
>
> 3. Should the debtors fail to specifically comply in any respect with the requirements of this Order set forth in paragraph 2 hereinabove, then:
>
>> b. This Chapter 13 proceeding will be automatically dismissed; and
>> c. Pursuant to this Court's authority under 11 U.S.C. § 109(g), Debtors will be enjoined from further bankruptcy filings in any United States Bankruptcy Court for 180 days following the dismissal of the present Chapter 13 proceeding.

Order dated June 20, 1997, pp. 1-2.

On July 18, the Swansons filed two petitions purporting to seek "clarification" of the clear and unambiguous June 20 order. The Bankruptcy Court mooted the petitions for clarification two days after having dismissed the bankruptcy petition.

Based on the Swansons' failure to file their tax returns as ordered by the Bankruptcy Court, that court dismissed their bankruptcy petition on July 24, 1997, and enjoined them from filing another petition for 180 days.

This appeal followed.

## II.

The Swansons have raised a host of issues on appeal, most of which are either without merit or irrelevant, or both. The basic issues presented are whether the Swansons were denied due process of law by being ordered to file their 1993 and 1994 tax returns as a condition of maintaining their Chapter 13 bankruptcy case; and, if not, whether the Bankruptcy Court properly enjoined them from filing a new bankruptcy petition within the next 180 days.

Under the Bankruptcy Rules, a proof of claim, such as that filed by the IRS against the Swansons, is *prima facie* evidence of its validity and amount. 11 U.S.C. § 3001(f). Since it was based on estimates, the IRS's proof of claim was likely incorrect, but on its face it was a valid claim unless and until shown to be

4

otherwise. The burden of proof was on the debtors. *See, Vines v. IRS*, 200 B.R. 940, 941. (M.D. Fla. 1996).

Presumably, the Swansons would have been able to rebut the IRS's presumption of correctness. And the simplest way of coming forward with such proof would have been the filing of the 1993 and 1994 tax returns - an undertaking which is generally required by law, irrespective of bankruptcy. When the obligation to file tax returns is coupled with the debtors' obligation to provide a complete and accurate account of their financial affairs, then the reasonableness of the Bankruptcy Court's order becomes obvious. And it is of no legal moment that the Swansons' discharged counsel made the suggestion that the filings be ordered by the court.[3] The court was completely free to issue such order on its own motion.

The Swansons cannot complain that they were not properly notified of the telephone conference or that they did not know the requirements of the June 20 order. Any such contention is belied by the facts that they unsuccessfully requested a continuance of

---

[3] The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision in this title...shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders. . . .

11 U.S.C. §105(a).

5

the conference, and they frivolously sought a "clarification' of the order within its thirty-day period.

In sum, the court concludes that the Swansons were not denied any procedural due process rights by being ordered to file their income tax returns for 1993 and 1994.

Of course, the court was acting wholly within the scope of its authority under the Bankruptcy Code when it enjoined the Swansons from filing any new bankruptcy petition within the next 180 days.

By separate order, the decision of the Bankruptcy Court will be affirmed.

DONE this \_\_\_\_4th\_\_\_\_ day of May, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON